**FILED**
**FEBRUARY 8, 2008**
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. HANSEL M. DeBARTOLO )<br>)<br>Plaintiff, )<br>)<br>) Case No.<br>v. )<br>)<br>UNITED FOOD AND COMMERCIAL )<br>WORKERS UNIONS AND EMPLOYERS )<br>MIDWEST HEALTH BENEFITS FUND )<br>)<br>Defendant. ) | **08 C 845**<br><br><br><br><br><br><br><br><br>**JUDGE LEFKOW**<br>**MAGISTRATE JUDGE VALDEZ** |

## COMPLAINT AT LAW

Now comes the Plaintiff, DR. HANSEL M. DEBARTOLO ("DeBartolo"), by and through his attorney, THE LAW OFFICES OF STUART P. KRAUSKOPF, and complains of Defendant, UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND EMPLOYERS MIDWEST HEALTH BENEFITS FUND. ("Mutual Group"), as follows:

### I. PRELIMINARY STATEMENT

Plaintiff brings this action to recover damages under the provisions of the Employment Retirement Income Security Act ("ERISA"), U.S.C. § 1132(a)(1)(B) and with respect to various other claims.

### II. THE PARTIES

1. Plaintiff is a physician licensed to practice in the State of Illinois and maintains a medical practice at 11 DeBartolo Drive, Sugar Grove, Illinois.

2. Plaintiff is informed and believes, and based thereon alleges, that Defendant Mutual Group maintains, or maintained, a medical benefit plan ("Plan") and

1

exercises, or exercised, discretionary authority or control respecting the management of disposition of the assets, or has or had discretionary authority or responsibility in the administration of said Plan.

3. Plaintiff is informed and believes, and based thereon alleges, that the Plan is an Employee Welfare Benefit Plan covered by ERISA.

### III. JURISDICTION

4. Jurisdiction over Plaintiff's claims is conferred on this Court pursuant to 29 U.S.C. 1001 et. seq. and the doctrine of supplemental jurisdiction.

### IV. VENUE

5. Venue is proper pursuant to 28 U.S.C. § 1391(a) and (c).

### V. ALLEGATIONS

### COUNT I: VIOLATION OF ERISA: FAILURE TO PAY BENEFITS

6. Prior to rendering treatment to one of Plaintiff's patients, Josephine Gonzalez ("Gonzalez"), Plaintiff contacted Mutual Group for the purpose of verifying that Gonzalez was covered under the Plan. Mutual Group verified such coverage.

7. Gonzalez thereupon assigned her rights to benefit payments under the Plan with respect to Plaintiff in consideration of which Plaintiff furnished medical treatment to Gonzalez (the "Assignment"). A true and correct copy of Gonzalez's assignment is attached hereto and incorporated herein as Exhibit A.

8. Mutual Group also acknowledged the assignment made by Gonzalez by forwarding payments to Plaintiff for some of the medical services furnished by Plaintiff to Gonzalez. However, Mutual Group denied the remaining claims made for treatment furnished to Gonzalez under the Plan.

9. The balance of the benefit payments due Plaintiff under the Plan with respect to medical services furnished to Gonzalez by Plaintiff totals $20,137.20 which the Mutual Group has failed and refused to pay to Plaintiff.

10. The failure and refusal on the part of the Defendant to pay such amount to Plaintiff is contrary to the terms of the Plan and contrary to law.

11. As a direct and proximate result to the failure of the Defendant to pay such amount to Plaintiff, Plaintiff has been deprived of the benefit of such money and will continue to be so deprived in the future.

12. As a further direct and proximate result of the failure of the Defendant to pay such amount to Plaintiff, Plaintiff has been required to incur attorneys fees and costs to pursue this action, and is entitled to have such fees and costs paid by the Mutual Group pursuant to 29 U.S.C. 1132(g)(1).

13. Plaintiff is informed and believes, and based thereon alleges, that the refusal to cause the Plan to pay said benefits to Plaintiff was, and is in bad faith; that the Mutual Group is able to satisfy an award of attorneys fees; that an award of such fees would deter the Defendant and others from acting similarly under like circumstances; and that Plaintiff's claims is meritorious.

**WHEREFORE**, Plaintiff prays for relief against Mutual Group as follows:

A. A judgment that Plaintiff is entitled to $20,137.20 under the Plan;

B. An order directing the Defendant to pay all benefits assigned to Plaintiff by Gonzalez, together with interest thereon at the legal rate on such payments from the date such payments were due to be paid until the date such benefits are paid;

C.  Judgment in Plaintiff's favor, directing Defendant to pay Plaintiff punitive damages for Mutual Group's malicious and reckless indifference to Plaintiff's rights;

D.  Judgment in Plaintiff's favor awarding Plaintiff the costs of this action together with attorney's fees and litigation expenses;

E.  Judgment in Plaintiff's favor awarding Plaintiff full legal and equitable relief under ERISA; and

F.  Judgment in Plaintiff's favor awarding such other and further relief as may be deemed just necessary to this Honorable Court.

## COUNT II: **FAILURE TO PROVIDE INFORMATION**

14.  Plaintiff restates and realleges the allegations contained in Paragraphs One through Thirteen, inclusive, as this Paragraph Fourteen, and incorporates each by reference as though each had been fully set forth herein.

15.  On or about July 21, 2004, Plaintiff requested of Defendant, in writing, to furnish Plaintiff with information regarding the Plan pursuant to 29 USC § 1132 (c). A copy of said request is attached hereto and incorporated herein by this reference as Exhibit B.

16.  Defendant only responded to the aforesaid request or to furnish any information of the type requested to Plaintiff on December 11, 2006 failing or refusing to take action between July 21, 2004 – December 11, 2006.

17.  Pursuant to 29 USC § 1132 (c)(1), a plan administrator is subject to fines if the plan administrator violates 29 USC § 1024 (b)(4), which requires that:

> the administrator shall, upon request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instrument under which the plan is

4

established or operated.

18. Plaintiff is informed and believes, and based thereon alleges, that he has standing to sue under 29 USC § 1132 (c)(1), by virtue of the assignment of benefits he has entered into with Gonzalez.

**WHEREFORE,** Plaintiff prays for relief against Defendant as follows:

A. That Defendant be directed and ordered to pay to Plaintiff a discretionary award of $115 per day for each day from July 21, 2004 through December 11, 2006, the period during which Defendant failed to or refused to furnish such information to Plaintiff;

B. Judgment in Plaintiff's favor awarding Plaintiff the costs of this action together with attorney's fees and litigation expenses;

C. Judgment in Plaintiff's favor awarding Plaintiff full legal and equitable relief under ERISA; and

D. Judgment in Plaintiff's favor awarding such other and further relief as may be deemed just and necessary to this Honorable Court.

Pursuant to Federal Rule 38(b), Plaintiff demands trial by jury

Respectfully submitted,

s/STUART P. KRAUSKOPF
Stuart P. Krauskopf

Stuart P. Krauskopf
Lindsay M. Malitz
Michael A. Schnitzer
The Law Offices of Stuart P. Krauskopf, P.C.
30 North LaSalle Street, Suite 3124
Chicago, Illinois 60602
312-377-9592
Atty. No. 41590

```
PCL XL error

        Warning:    IllegalMediaSource
```

# EXHIBIT A

Dr. Hansel M. DeBartolo, Jr.
11 DeBartolo Drive
Sugar Grove, Illinois 60554
630-859-1818

DATE: 11-28-2001

NAME: Josie Gonzalez

I assign my medical benefits and rights from   UFCW Midwest Health

Benefits Fund

to Dr. H. M. DeBartolo Jr., for services rendered.

X _____*Josie Gonzalez*_____
Signature

# EXHIBIT B

**DeBartolo Clinic**

Hansel M. DeBartolo, Jr., M.D., J.D.
11 DeBartolo Drive
Sugar Grove, Illinois 60554
630-859-1818
Fax: 630-859-1830
Fax: debartol@concentric.net

July 21, 2004

U.F.C.W.
1300 Higgins Rd., Suite 300
Park Ridge, IL 60068-5713

Re:  Josephine Gonzales
     ID#: 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
     D.O.B.: 5/5/62
     Date of Service:  6/16/04

We wish to protest all nonpayments and denials of this patient including but not limited to the attached. Also, we are a fully vested beneficiary of rights, and are requesting a copy of the medical plan at this time so we can determine exactly what should be covered.

Please be prompt in this request.

Hansel M. DeBartolo, Jr., M.D., J.D.