UNITED STATES DISTRICT COURT FOR THE
NORTER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. HANSEL M. DeBARTOLO | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 08 CV 845 ) ) Judge Joan H. Lefkow |
| UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND EMPLOYERS MIDWEST HEALTH BENEFITS FUND, | ) Magistrate Judge Valdez ) ) ) |
| Defendant. | ) |

**ANSWER OF DEFENDANT UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND EMPLOYERS MIDWEST HEALTH BENEFITS FUND TO COMPLAINT OF LAW**

Defendant, UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND EMPLOYERS MIDWEST HEALTH BENEFITS FUND, by its attorneys, Jonathan D. Karmel and Mindy Kallus, and for its Answer to the Complaint at Law states as follows:

**I. PRELIMINARY STATEMENT**

Plaintiff brings this action to recover damages under the provisions of the Employment Retirement Income Security Act ("ERISA"), U.S.C. § 1132(a)(1)(B) and with respect to various other claims.

**ANSWER:** Plaintiff's unnumbered preliminary statement does not call for an answer.

**II. THE PARTIES**

1. Plaintiff is a physician licensed to practice in the State of Illinois and maintains a medical practice at 11 DeBartolo Drive, Sugar Grove, Illinois.

**ANSWER:** Defendant, UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND EMPLOYERS MIDWEST HEALTH BENEFITS FUND (hereafter "MIDWEST HEALTH BENEFITS FUND") admits each of the allegations contained in Paragraph 1 of the Complaint.

2. Plaintiff is informed and believes, and based thereon alleges, that Defendant Mutual Group maintains, or maintained, a medical benefit plan ("Plan") and exercises, or exercised, discretionary authority or control respecting the management of disposition of the assets, or has or had discretionary authority or responsibility in the administration of said Plan.

**ANSWER:** Defendant, MIDWEST HEALTH BENEFITS FUND, admits each of the allegations contained in Paragraph 2 of the Complaint.

3. Plaintiff is informed and believes, and based thereon alleges, that the Plan is an Employee Welfare Benefit Plan covered by ERISA.

**ANSWER:** Defendant, MIDWEST HEALTH BENEFITS FUND admits each of the allegations contained in Paragraph 3 of the Complaint.

### III. JURISDICTION

4. Jurisdiction over Plaintiff's claims is conferred on this Court pursuant to 29 U.S.C. 1001 et. seq. and the doctrine of supplemental jurisdiction.

**ANSWER:** Defendant, MIDWEST HEALTH BENEFITS FUND, denies each and every allegation contained in Paragraph 4 of the Complaint, but admits that this Court has jurisdiction over ERISA claims, the only claims asserted in this Complaint.

## IV. VENUE

5.  Venue is proper pursuant to 28 U.S.C. § 1391(a) and (c).

**ANSWER:** Defendant, MIDWEST HEALTH BENEFITS FUND denies each and every allegation contained in Paragraph 5 of the Complaint.

## V. ALLEGATIONS

### COUNT I: VIOLATION OF ERISA: FAILURE TO PAY BENEFITS

6.  Prior to rendering treatment to one of Plaintiff's patients, Josephine Gonzalez ("Gonzalez"), Plaintiff contacted Mutual Group for the purpose of verifying that Gonzalez was covered under the Plan. Mutual Group verified such coverage.

**ANSWER:** Defendant, MIDWEST HEALTH BENEFITS FUND, has insufficient information upon which to form a belief as to the truth of the allegations contained in Paragraph 6 as those allegations are vague and contain no date.

7.  Gonzalez thereupon assigned her rights to benefit payments under the Plan with respect to Plaintiff in consideration of which Plaintiff furnished medical treatment to Gonzalez (the "Assignment"). A true and correct copy of Gonzalez's assignment is attached hereto and incorporated herein as Exhibit A.

**ANSWER:** Defendant, MIDWEST HEALTH BENEFITS FUND, has insufficient information upon which to form a belief as to the truth of the allegations contained in Paragraph 7.

8.  Mutual Group also acknowledged the assignment made by Gonzalez by forwarding payments to Plaintiff for some of the medical services furnished by Plaintiff to Gonzalez. However, Mutual Group denied the remaining claims made for treatment furnished to Gonzalez under the Plan.

**ANSWER:** Defendant, MIDWEST HEALTH BENEFITS FUND, denies each and every allegation contained in Paragraph 8 of the Complaint, but states that Defendant paid bills to Plaintiff amounting to $95.00.

9. The balance of the benefit payments due Plaintiff under the Plan with respect to medical services furnished to Gonzalez by Plaintiff totals $20,137.20 which the Mutual Group has failed and refused to pay to Plaintiff.

**ANSWER:** Defendant, MIDWEST HEALTH BENEFITS FUND, denies each and every allegation contained in Paragraph 9 of the Complaint.

10. The failure and refusal on the part of the Defendant to pay such amount to Plaintiff is contrary to the terms of the Plan and contrary to law.

**ANSWER:** Defendant, MIDWEST HEALTH BENEFITS FUND, denies each and every allegation contained in Paragraph 10 of the Complaint.

11. As a direct and proximate result to the failure of the Defendant to pay such amount to Plaintiff, Plaintiff has been deprived of the benefit of such money and will continue to be so deprived in the future.

**ANSWER:** Defendant, MIDWEST HEALTH BENEFITS FUND, denies each and every allegation contained in Paragraph 11 of the Complaint.

12. As a further direct and proximate result of the failure of the Defendant to pay such amount to Plaintiff, Plaintiff has been required to incur attorneys fees and costs to pursue this action, and is entitled to have such fees and costs paid by the Mutual Group pursuant to 29 U.S.C. 1132(g)(1).

**ANSWER:** Defendant, MIDWEST HEALTH BENEFITS FUND, denies each and every allegation contained in Paragraph 12 of the Complaint.

13. Plaintiff is informed and believes, and based thereon alleges, that the refusal to cause the Plan to pay said benefits to Plaintiff was, and is in bad faith; that the Mutual Group is able to satisfy an award of attorneys fees; that an award of such fees would deter the Defendant and others from acting similarly under like circumstances; and that Plaintiff's claims is meritorious.

**ANSWER:** Defendant, MIDWEST HEALTH BENEFITS FUND, denies each and every allegation contained in Paragraph 13 of the Complaint.

WHEREFORE, Plaintiff prays for relief against Mutual Group as follows:

A. A judgment that Plaintiff is entitled to $20,137.20 under the Plan;

B. An order directing the Defendant to pay all benefits assigned to Plaintiff by Gonzalez, together with interest thereon at the legal rate on such payments from the date such payments were due to be paid until the date such benefits are paid;

C. Judgment in Plaintiff's favor, directing Defendant to pay Plaintiff punitive damages for Mutual Group's malicious and reckless indifference to Plaintiff's rights;

D. Judgment in Plaintiff's favor awarding Plaintiff the costs of this action together with attorney's fees and litigation expenses;

E. Judgment in Plaintiff's favor awarding Plaintiff full legal and equitable relief under ERISA; and

F.   Judgment in Plaintiff's favor awarding such other and further relief as may be deemed just necessary to this Honorable Court.

**ANSWER:**   Defendant, MIDWEST HEALTH BENEFITS FUND, denies that Plaintiff is entitled to any of the relief which he seeks in Count I of his Complaint.

### COUNT II: FAILURE TO PROVIDE INFORMATION

14.   Plaintiff restates and realleges the allegations contained in Paragraphs One through Thirteen, inclusive, as this Paragraph Fourteen, and incorporates each by reference as though each had been fully set forth herein.

**ANSWER:**   As its answer to Paragraph 14 of the Complaint, Defendant, MIDWEST HEALTH BENEFITS FUND, repeats and realleges its answers to Paragraphs 1 through 14 of the Complaint as though fully set forth herein.

15.   On or about July 21, 2004, Plaintiff requested of Defendant, in writing, to furnish Plaintiff with information regarding the Plan pursuant to 29 USC § 1132 (c). A. copy of said request is attached hereto and incorporated herein by this reference as Exhibit B.

**ANSWER:**   Defendant, MIDWEST HEALTH BENEFITS FUND, admits each and every allegation contained in Paragraph 15 of the Complaint.

16.   Defendant only responded to the aforesaid request or to furnish any information of the type requested to Plaintiff on December 11, 2006 failing or refusing to take action between July 21, 2004 - December 11, 2006.

**ANSWER:**   Defendant, MIDWEST HEALTH BENEFITS FUND, denies each and every allegation contained in Paragraph 16 of the Complaint.

17.     Pursuant to 29 USC § 1132 (c)(1), a plan administrator is subject to fines if the plan administrator violates 29 USC § 1024 (b)(4), which requires that:

> the administrator shall, upon request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instrument under which the plan is established or operated.

**ANSWER:** Defendant, MIDWEST HEALTH BENEFITS FUND, denies each and every allegation contained in Paragraph 17 of the Complaint and further states that Section 1024(b)(4) requires an administrator to furnish copies of certain reports "upon written request of any participant or beneficiary."

18.     Plaintiff is informed and believes, and based thereon alleges, that he has standing to sue under 29 USC § 1132 (c)(1), by virtue of the assignment of benefits he has entered into with Gonzalez.

**ANSWER:** Defendant, MIDWEST HEALTH BENEFITS FUND, denies each and every allegation contained in Paragraph 18 of the Complaint.

**WHEREFORE,** Plaintiff prays for relief against Defendant as follows:

A.     That Defendant be directed and ordered to pay to Plaintiff a discretionary award of $115 per day for each day from July 21, 2004 through December 11, 2006, the period during which Defendant failed to or refused to furnish such information to Plaintiff;

B.     Judgment in Plaintiff's favor awarding Plaintiff the costs of this action together with attorney's fees and litigation expenses;

C.     Judgment in Plaintiff's favor awarding Plaintiff full legal and equitable relief under ERISA; and

D.    Judgment in Plaintiff's favor awarding such other and further relief as may be deemed just and necessary to this Honorable Court.

Pursuant to Federal Rule 38(b), Plaintiff demands trial by jury

**ANSWER:**    Defendant, MIDWEST HEALTH BENEFITS FUND, denies that Plaintiff is entitled to any of the relief he has requested in Count II of his Complaint.

### AFFIRMATIVE DEFENSES

1.    Plaintiff's Complaint fails to state a claim for which relief can be granted.

2.    Following the denial by MIDWEST HEALTH BENEFITS FUND of most of the charges submitted by Plaintiff, an appeal was timely conducted to review the Fund's denial, an independent expert reviewed the treatment rendered, and the appeal was properly denied.

WHEREFORE, Plaintiff's Complaint should be dismissed with prejudice, with fees and costs awarded to Defendant, UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND EMPLOYERS MIDWEST HEALTH BENEFITS FUND.

    Respectfully submitted,

    /s/ Mindy Kallus
    Mindy Kallus
    One of the Attorneys for Defendant
    United Food and Commercial Workers Unions and
    Employers Midwest Health Benefit Fund

Jonathan D. Karmel
Mindy Kallus
THE KARMEL LAW FIRM
221 North LaSalle Street
Suite 1414
Chicago, IL 60601
(312) 641-2910

## UNITED STATES DISTRICT COURT FOR THE
## NORTER DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DR. HANSEL M. DeBARTOLO ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Case No. 08 CV 845** |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| UNITED FOOD AND COMMERCIAL ) | Magistrate Judge Valdez |
| WORKERS UNIONS AND EMPLOYERS ) | |
| MIDWEST HEALTH BENEFITS FUND, ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Answer of Defendant United Food and Commercial Workers Unions and Employers Midwest Health Benefit Fund to Complaint of Law has been served upon the following via electronic mail, this 8th day of April, 2008:

Stuart P. Krauskopf [stu@stuklaw.com]
Lindsay M. Malitz [lmalitz@stuklaw.com]
Michael A. Schnitzer [mschnitzer@stuklaw.com]
The Law Offices of Stuart P. Krauskopf, P.C.
30 North LaSalle Street, Suite 3124
Chicago, IL 60602


/s/Mindy Kallus
Mindy Kallus
One of the Attorneys for Defendant
United Food and Commercial Workers Unions and
Employers Midwest Health Benefit Fund


Jonathan D. Karmel
Mindy Kallus
THE KARMEL LAW FIRM
221 North LaSalle Street, Suite 1414
Chicago, IL 60601
(312) 641-2910